UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARLON E. PAGTAKHAN, | No. C 07-6384 SI (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| DON HORSLEY, Sheriff, | |
| Respondent. | |

Marlon Pagtakhan, an inmate at the San Mateo County Jail, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. His petition is now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases.

At the time he filed his petition in this action, Pagtakhan was a pretrial detainee, awaiting trial in San Mateo County Superior Court on multiple counts of stalking and making criminal threats. His petition indicates that he was arrested on August 11, 2007, and arraigned on August 14, 2007. Before the preliminary hearing was held, Pagtakhan's attorney declared a doubt about his competency, and that eventually led to the criminal proceedings to be suspended in October or November and Pagtakhan to be ordered sent to Atascadero State Hospital for treatment for 180 days. See Petition, pp. 2-7. In his petition, Pagtakhan complained about numerous problems connected to his criminal prosecution and the mental competency determinations. Among other things, he complained that police conducted an unlawful search in violation of his Fourth Amendment rights, he was subjected to improper interrogation in violation of his Fifth Amendment rights, excessive bail was imposed after the arraignment, his right to due process

1 was violated by the prosecutor's disclosure of information, a conspiracy (comprised of the
2 prosecutor, defense counsel and doctors) fraudulently used the competency proceedings to send
3 him to a mental hospital, and he was denied his right to a speedy trial.

4       This court may entertain a petition for a writ of habeas corpus under 28 U.S.C. §
5 2241(c)(3) by a person who is in custody but not yet convicted or sentenced. See McNeely v.
6 Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003); Application of Floyd, 413 F. Supp. 574, 576 (D.
7 Nev. 1976). Although there is no exhaustion requirement for a petition brought under 28 U.S.C.
8 § 2241(c)(3), principles of federalism and comity require that this court abstain until all state
9 criminal proceedings are completed and the petitioner exhausts available judicial state remedies,
10 unless special circumstances warranting federal intervention prior to a state criminal trial can be
11 found. See Carden v. Montana, 626 F.2d 82, 83-84 & n.1 (9th Cir.), cert. denied, 449 U.S. 1014
12 (1980); see also Younger v. Harris, 401 U.S. 37, 43-54 (1971) (under principles of comity and
13 federalism, a federal court should not interfere with ongoing state criminal proceedings by
14 granting injunctive or declaratory relief absent extraordinary circumstances). The special
15 circumstances that might warrant federal habeas intervention before trial include proven
16 harassment, bad faith prosecutions and other extraordinary circumstances where irreparable
17 injury can be shown. Carden, 626 F.2d at 84 (violation of speedy trial right not alone an
18 extraordinary circumstance). Because Pagtakhan has not shown special circumstances that
19 warrant federal intervention before the trial is held and any appeal is completed, this court will
20 abstain and DISMISS the petition without prejudice. See id. at 84. The alleged problems that
21 Pagtakhan claims he is enduring are matters that can and should be addressed in the first instance
22 by the trial court, and then by the state appellate courts, before he seeks a federal writ of habeas
23 corpus.

24       The dismissal of this action is without prejudice to Pagtakhan filing a new habeas
25 petition, but he should not file a new federal petition for writ of habeas corpus unless he gets
26 convicted or committed and then not until his direct appeal and state habeas proceedings have
27 concluded and he has given the state's highest court a fair opportunity to rule on each of his
28 claims.

The in forma pauperis application is DENIED because he has sufficient funds to pay the filing fee. (Docket # 2.) Pagtakhan must pay the $5.00 filing fee no later than **January 25, 2008**.

The clerk shall close the file.

IT IS SO ORDERED.

DATED: December 20, 2007

_____
SUSAN ILLSTON
United States District Judge